UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADVIAN RODRIGUEZ
BARRUETO,

        Petitioner,

    v.                                Case No.:  2:26-cv-00936-SPC-NPM

TODD BLANCHE,

        Respondent,

                                        /

## OPINION AND ORDER

Before the Court are petitioner Advian Rodriguez Barrueto's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).  For the below reasons, the Court grants the petition.

Rodriguez Barrueto is a native of Cuba who entered the United States on July 22, 2001, along with 11 other Cuban nationals he helped enter the country.  Immigration officials arrested him and issued a notice to appear the next day.  Rodriguez Barrueto conceded removability, and an immigration judge ordered him removed on August 16, 2001.  Rodriguez Barrueto returned to the United States on August 23, 2003, and was served another notice to appear.  An immigration judge ordered him removed again on September 30, 2003, but the removal order was not executed.  Instead, the government released Rodriguez Barrueto on an order of supervision on October 8, 2003.  Immigration and Customs Enforcement ("ICE") issued another order of

supervision on January 27, 2015. The respondents do not say what prompted the second order, but the timing suggests it might have been a 2014 arrest for driving on a suspended license.

On December 3, 2025, ICE revoked the order of supervision and arrested Rodriguez Barrueto. He is currently detained at Alligator Alcatraz. On February 25, 2026, ICE took Rodriguez Barrueto to the Mexican border but was unable to remove him. A deportation officer reports that the Mexican government "is no longer accepting OTM FTC cases into Mexico." (Doc. 7-1 at 38). The respondents do not explain what that means, but it apparently had something to do with the failed removal attempt. In any case, ICE returned Rodriguez Barrueto to Alligator Alcatraz, where he remains detained.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its

statutory purpose of "assuring the alien's presence at the moment of removal."

*Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably

foreseeably removals could be accomplished in [90 days]." *Id* at 701.  So, "for

the sake of uniform administration in the federal courts," it established a

"presumptively reasonable period of detention" of six months—the 90-day

removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting

framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe
> that there is no significant likelihood of removal in the reasonably
> foreseeable future, the Government must respond with evidence
> sufficient to rebut the showing.

*Id.*

The government argues Rodriguez Barrueto's petition is premature

because his current detention has not exceeded 180 days.  They assume the

six-month presumptively reasonable period of detention resets each time a

noncitizen is detained.  That assumption is inconsistent with *Zadvydas*.  It

would effectively allow DHS to detain noncitizens indefinitely and avoid

judicial scrutiny by releasing and re-detaining them every 180 days. As the

Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for

establishing a presumptively reasonable '6-month period' for detention

pending removal supports our conclusion that this period commences at the

beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Rodriguez Barrueto has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE was unable to remove him to Cuba in 2003, and there is currently no agreement between Cuba and the U.S. to pave the way for his repatriation.

The burden thus shifts to the government. ICE points to its February 25, 2026 attempt to send Rodriguez Barrueto to Mexico. But the evidence before the Court suggests that was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against

Torture).  And anyhow, a deportation officer's declaration suggests the failure was a least partially caused by a change in the Mexican government's policy on accepting removals from the U.S.  ICE makes no attempt to show it can lawfully remove Rodriguez Barrueto in the reasonably foreseeable future.

The Court finds no significant likelihood Rodriguez Barrueto will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Rodriguez Barrueto to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby **ORDERED:**

Advian Rodriguez Barrueto Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Rodriguez Barrueto within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record